## THE LEHIGH VALLEY RAILROAD COMPANY v. CORNE-LIUS STEWART AND JOSEPH C. STEWART.

Construction of contract,—*Held*, that by a proper construction of the contract between the parties, the defendants are only entitled to claim a drawback on the tolls paid for goods carried on the thirty-two boats mentioned in the agreement, which constitute the "freight line" therein mentioned.

Submitted on written briefs at February Term, 1873.

For the plaintiffs, *T. N. McCarter*.

For the defendants, *J. Vanatta*.

The opinion of the court was delivered by

DALRIMPLE, J. The question raised by the demurrer to the plaintiffs' second replication to the defendants' second plea is as to the proper construction and meaning of a certain contract in writing entered into between the Morris Canal and Banking Company and the defendants.

The action is brought for certain tolls alleged to be due from the defendants to the plaintiffs. The defendants plead that they have paid all tolls for which the plaintiffs can make claim, except a certain sum, as to which they say that they are entitled to retain as offset a sum of equal amount by way of drawback under the said contract, which is set out in the plea, and the substance of which, so far as necessary to be now stated, is that the Morris Canal and Banking Company leased thirty-two boats to the defendants, for the term of five years, at a certain stipulated price, to be paid in ten equal semi-

annual instalments, with interest. Upon the payment of the last instalment bills of sale for the boats were to be executed by the company to the defendants. The defendants were to furnish the said boats with the necessary rigging and hands, and to employ them in a freight line upon and over the Morris canal exclusively, and to keep the number of boats in the said freight line during the said term of five years, equal to the number of boats leased, and to pay full rates of toll, according to the printed rates for the time being, as established and published, upon all articles transported over the Morris canal, in the said boats employed by the said freight line. The company agreed to allow the defendants a drawback of one half of such tolls, upon all articles (with certain exceptions) "as shall be transported by the said defendants in the said boats of said freight line upon the said canal," and further, that no drawback from the established rates of toll should be allowed to any other parties competing with the said freight line of the defendants, for the same business, during the said term of five years, unless the defendants should, by negligence, carelessness, or otherwise, fail to secure and maintain the business which it was contemplated and intended should be transacted and carried on by the said freight line; that whenever the lease should be terminated, the company should take from the defendants the boats employed in the said freight line, at their proper value as coal boats, and that if the defendants should fulfill said agreement on their part, the said company would, from time to time, give lawful bills of sale for such of said boats as might become unfit for use in the said freight line.

To the plaintiffs' claim for tolls the defendants set up, in their second plea, the right to a drawback on all tolls for freight carried in the boats mentioned in the said contract, as well as in all others used by them in the same business. This defence is sought to be maintained on the ground that the meaning of the words "freight line" embraces not only the thirty-two boats mentioned in the contract, but all others used by the defendants in connection therewith, in the same

line of transportation. The intention of the parties must be gathered from the whole agreement read together, and I think it is, that the defendants are to keep up a line of thirty-two boats, neither more nor less, and that the drawback applies only to the freight carried in that number of boats. I have come to this conclusion for the following, among other reasons :

*First.* The defendants agree to keep the number of boats in the said freight line, during the said term of five years, equal to the number of boats granted and leased, which number is thirty-two.

*Second.* The company agrees to take from the defendants at the termination of the lease, the boats employed in the said freight line, at their proper value as coal boats, which I think very clearly shows that the parties understood they were dealing in reference to the precise number of boats specified in the contract, and none others.

*Third.* It is not reasonable to suppose that the company intended to give the defendants the advantage of the drawback, as to an indefinite number of boats, when the only language used to denote such intention is freight transported, " in the boats of the said freight line." The boats here referred to are the same thirty-two before mentioned.

*Fourth.* The stipulation of the defendants to pay full rates of toll " upon all articles which may be transported upon and over the Morris canal in the said boats, employed in the said freight line," shows not only that the boats to which the parties had reference were the same thirty-two boats before mentioned, but that the freight line was restricted to the like number.

This construction of the contract disposes of the case. The plea being bad, the plaintiff, for that reason, is entitled to judgment on the demurrer.

Judgment reversed, 9 *Vr.* 506.